576

SAXE PERRY GANTZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51736. Filed December 31, 1954.

*Saxe Perry Gantz, pro se.*
*A. Russell Beazley, Jr., Esq.*, for the respondent.

RICE, *Judge:* The petitioner appeared without counsel at the hearing, and filed no brief. In his opening statement, he argued that the entire amounts paid to his former wife during the 2 years in issue should be taxable to her since she had full control over the expenditure of such sums; and that the 60%–40% division was to become effective only upon a change of status on the part of his former wife or his daughter.

The respondent based his determination on *Warren Leslie, Jr.,* 10 T. C. 807 (1948); *Robert W. Budd,* 7 T. C. 413 (1946), affd. 177 F. 2d 198 (C. A. 6, 1947), and a number of similar cases wherein we have said that the decree must be read as a whole and that a proviso for a division of the total payment between the former wife and a minor child, upon the happening of some future event, was a designation of a part of the whole payment for the support of such child and applicable to all payments, within the meaning of the statute; and, hence, not deductible by the husband.

We have reached our conclusions herein on the assumption that the provisions of the amended decree of August 3, 1953, were included in the original decree of November 22, 1946. See *Margaret Rice Sklar,* 21 T. C. 349 (1953).

Both decrees recognize that the payments made by petitioner were for the support of his former wife and their minor child. The amended decree did not seek to delete the 60%–40% division of the payments between the minor child and former wife, provided for in the original decree. It provided only that no percentage division between the minor child and former wife was intended until the happening of one of the events mentioned. We are unable to see how the amended decree can be the basis for distinguishing the situation here from those before us in the *Leslie* and *Budd* cases, *supra.* Admittedly, no such provision was found in the decrees in those cases, but the essential fact that the former spouse had complete control of all the funds paid to her, until the happening of some specified event, was present in those cases. We did not consider the presence of that fact in those cases sufficient to warrant our holding the entire amount taxable to the wife, in the face of other provisions in the decrees for a percentage allocation to the support of the minor child upon the happening of some one or more specified events.

We deem those cases controlling here, and the respondent's determination herein is, therefore, upheld.

*Decision will be entered for the respondent.*